---
Morrill *v.* Foster.
---

---

## MORRILL & a. v. FOSTER.

Declarations are not admissible as part of the *res gestæ*, unless the acts which they accompany are themselves relevant and material, independently of what was said; nor unless the declaration relates to those acts, and is explanatory of them.

Secondary evidence is not admissible to prove the existence of a deed, unless its loss is shown, or its absence accounted for.

THE facts in this case, so far as they are material to the decision of the court, are stated in the opinion, delivered by

BELL, J. This is a petition for partition of a tract of land in Pembroke, containing twenty-eight and one half acres, in which the petitioners claim that they are severally seized of one fourth part each, as tenants in common with the defendant.

Upon issues (1,) upon the seizin of the petitioners, and (2,) upon the sole seizin of the defendant, a trial was had, and a verdict was returned, by consent, for the defendant.

Among numerous exceptions the following is that on which the court rest their decision.

In order to show that Matthew and Betty Hemphill, who were two of the heirs of Joseph Hemphill, a former owner of the land in question, under whom all parties claim, conveyed their interest in the estate of their father to Solomon Wheeler, under

whom the defendant claims, the defendant offered evidence to the following effect: Hannah Baker, a witness, sixty-three years of age, testified that somewhere about the year 1804 or 1805, as it would be according to certain facts stated by her, Moses Kimball, who married Betty Hemphill, came to the house of John Thompson, where the witness then lived, in the winter, with a lumber-box and two horses, and also went to the house of Solomon Wheeler, from which place he returned with his lumber-box filled with sugar, tea, and other necessaries for a family. In the evening he said to Thompson that he had been to all the heirs, and they had signed an acquittance of the land, desiring it might be sold, and the price applied to the support of their mother, and that he had got all his pay, a part in the articles, and the rest in money.

It did not appear that any search had been made for the alleged deed to Wheeler. The plaintiffs contended that the evidence was incompetent to be submitted to the jury for the purpose of showing the existence of the deed.

This is regarded as the material point to be considered. And, in the first place, no foundation was laid for the introduction of any secondary evidence of such a deed. It did not appear that any search had been made for this alleged deed. *Woods* v. *Gasset*, 11 N. H. 448; *Kimball* v. *Bellows*, 13 N. H. 71.

But if proper inquiry had been shown to have been made without success, the evidence does not tend, if admissible, to prove the existence of any deed of this property to Wheeler. The conversation does not import a conveyance made to Wheeler. It was said, " the heirs had signed an acquittance of the land, desiring it might be sold," &c., " and he had got all his pay," &c. There is nothing said as to the person to whom the acquittance was made. Wheeler was not named, or alluded to. Perhaps, however, other parts of the evidence might be regarded by the jury as supplying this defect in the evidence given by this witness, so that if they should be satisfied any conveyance was made, they might reasonably conclude it was made to Wheeler.

But the great difficulty as to this evidence is, that it is merely hear-say of the loosest possible character.

The only ground of exception suggested, as taking it out of the general rule that hear-say is not evidence, is, that it was a part of the *res gestœ*. The ordinary test of admissibility of declarations made by third persons on this ground, as laid down in the case of *Sessions* v. *Little*, 9 N. H. 271, is this : Where the evidence of an act done by a party is admissible, his declarations made at the time, having a tendency to elucidate or give a character to the act, and which may derive a degree of credit from the act itself, are also admissible as part of the *res gestœ*. What act of any person testified to by this witness was so far material to this case as to be admissible as evidence, is the first question.   Taking the whole statement of the witness, exclusive of the story told by Kimball, there is no act of any person, no fact of any kind, in the slightest degree material in the case.   It was absolutely immaterial and irrelevant, that Moses Kimball came to Thompson's with a sleigh and horses, and went to Wheeler's, and came back with his sleigh filled with sugar, tea, and other necessaries for a family.   However explanatory of those facts, and whatever elucidation or character might be given to them by the statements made by Kimball, those facts were inadmissible, because they had of themselves no bearing on the case.

The rule on this subject may be differently expressed without change of its import.   Two things must concur to render declarations admissible as part of the *res gestœ :*

1. The facts themselves must be relevant and material, independently of what was said ; and,

2. The declaration must relate to those facts, and must be explanatory of them.

So that if the declaration is material, but the act is important only as it furnished the occasion for making the statement ; or if the act is not material without the declaration, and the only connection of the act with the case grows out of the declaration ; or if the statement relates to a matter in no way connected with

the act, except that it occurred at the same time, the evidence is not admissible. *Downs* v. *Lyman*, 3 N. H. 486; *Barker* v. *Clark*, 4 N. H. 380; *Hadley* v. *Carter*, 8 N. H. 40; *Blake* v. *White*, 13 N. H. 273; *Woods* v. *Banks*, 14 N. H. 114; *Tenney* v. *Evans*, 14 N. H. 349; *Plumer* v. *French*, 2 Foster 452; *Carlton* v. *Patterson*, 9 Foster 587; *Wiggin* v. *Moulton*, July, 1855.

The evidence was a mere recital, by the evening fireside, of a transaction entirely past, very slightly, if at all, connected with a fact in no way material to the case. It was, therefore, mere hear-say, and should have been rejected, and there must consequently be *A new trial.*

*Fowler*, for the plaintiff.

*H. A. Bellows*, for the defendant.

